Harristgtow,
 
 Justice:
 

 This is an action to recover damages arising to the plaintiffs’ land from the breaking of defendants’ canal The mode of injury as set out in the pleadings is 1st. For negligenci in permitting and suffering the waters of the canal to overflow plaintiffs’ meadows and drown the same; 2d. For permitting the embankments of the canal to be out of order, by reason whereof the wateil overflowed plaintiffs’ land; and 3d. For so obstructing their own drains and sluices as to dam up the water, and cause it to overflow the plaintiffs’ meadows. The defendants have pleaded not guiltyl and the first question in the cause is, whether the defendants havi
 
 *413
 
 been guilty of such acts or such neglect in reference to this matter, which, resulting in loss and injury to the plaintiffs, will make them legally responsible for damages. This involves a great principle, the liability of corporations or others who, under the sanctions of the law have made this and other great public improvements, to answer in damages to those who may be injured by accidental occurrences resulting from such improvements. And the legal as well as the rational principle on this subject seems to be that for
 
 mere accident,
 
 hich human foresight and vigilance could not have foreseen, and gainst which proper prudence and judgment cannot be expected to rovide, the company is not liable. It is a common misfortune in hich all are alike involved, and to which all must submit, unless here has been some negligence on the part of those whose duty it is o guard against such accidents; some want of vigilance and care, r some interposition of actual wrong, which makes them the cúlpa-le cause, active or passive, of the accident; and requires that they hould be held to pay the damage which they have, in some sort, oc-asioned. The principle reaches beyond railroad and canal compares, and applies to individuals; it is the principle that binds all men o to use their own property as not to injure their neighbor; and the egree of care and caution, the extent of prudence to prevent or void the occurrence of these accidents, is precisely such as ought
 
 \easonably
 
 to be required considering the danger to be avoided, and e reasons for apprehending it.
 

 The jury will apply this principle to the evidence in this cause ud test the defendants’ liability by it. Under the authority of thews of this State they have made a canal, the waters of which are many places held and restrained within the line of the canal by e erection of artificial embankments. These banks and the water hich they contain are the property of the defendants, which they re bound to use so as not to injure others. They were bound to ake and are bound to keep up these banks with ordinary care and ligence, both as to construction and preservation; and to avoid, as r as such care and diligence can avoid, the accident of their break-g and doing injury to others, by inundating the adjoining lands, ¡ut while the defendants are held to this vigilance and caution, it ould not be reasonable, nor in our opinion legal, to make them in-rers against mere accident, not fairly attributable to their act or gleet.
 

 The grounds upon which the. plaintiffs contend that the defendants
 
 *414
 
 are liable for damages occasioned by a breach in thoir tow-path, which is proved to have happened in May, 1839, are 1st, the want of ordinary precaution in discovering, and diligence in repairing, the defects of the tow-path at the point where the breach took, place, and 2d, the misconduct of the defendants or their agents, in shutting down the sluice-gates; or, at least, negligence in suffering these gates to remain closed, and obstructing the water from passing off from the plaintiffs’ lands.
 

 On the first of these grounds, the proof offered by the plaintiffs, and their arguments, have been designed to show that there were appear-anees about the place where the breach took place, before the breach, which were calculated to excite apprehensions of a breach, and which ought to have produced greater efforts on the part of the company to prevent such a calamity; and that there were such apprehension excited, as is proved by the application of the president, Mr. New. bold, to the road commissioners for permission to raise the old mill dam at St. George’s, which the plaintiffs contend, was one mode o providing against this very accident. On the other hand it is con tended, and proof has been offered to that effect, that this tow-patll here and elsewhere was carefully examined twice in each week that there was nothing at this place indicating particular wcaknes; or danger, and that neither the agents of the company, nor other passing along that bank saw any thing to excite their fears, or
 
 q.
 
 casion any other efforts to avoid danger than were in fact made; am that the negotiation about the mill-dam, or the making of the sluic which has since been made, had no reference to a particular appr hension of danger from this place, but was a general precautio with a view-to save the water in the canal on this level from escap in case a breach should happen anywhere on the line of bank abovl tít. George’s.
 

 On the second ground it appears that there is a culvert below thj plaintiffs’ meadows passing under the canal, and which is an outlcT to the waters from the north side of the canal through the lowc meadows. This culvert is a proper drain which the canal companl were bound to make, and to keep in condition for
 
 the
 
 purpose of if erection. The plaintiffs had a right to the flowage of the watc[ through it, and if by the improper act or sanction of the companl that water was impeded and detained on plaintiffs’ land, and there!; additional damage was occasioned to them, the defendants would l| liable for the damage thus occasioned by their act or sanction.
 
 *415
 
 appears, that in the trepidation and alarm occasioned by this flood the gates of this sluice, which were before open, were shut down by one of the witnesses in the cause, Mr. John Addison, under the advice of Howard Ogle, Esq., another witness. Mr. Addison appears to have been a carpenter in the employment of the defendants, but both he and they deny that he had any duty to perform in reference to the keeping of this sluice, or any authority from the company to meddle with it. If this be so, the canal company are not liable for this unauthorized act of Mr. Addison. An employer is bound for the acts of his agent, but only for such acts as are done within the scope of his authority. But it is said that if this act of shutting down the sluice-gates was not originally authorized by the company, they sanctioned it and made themselves liable by unreasonable delay in raising the gates, and restoring the sluice to the condition in which the plaintiffs had a right to have it, for the purpose of venting the water from their lands. The evidence on this subject is not very conclusive as to the precise time when the officers of this company had notice of the shutting these gates, nor how soon they interfered to have them raised or opened. It is our opinion that they were bound to open the gates as soon as they
 
 reasonably
 
 could, after they [had notice .that they were closed.
 

 Rodney
 
 and
 
 Wales,
 
 for plaintiffs.
 

 Gray, J. M. Clayton
 
 and
 
 J. A. Bayard,
 
 for defendants.
 

 I If upon the whole of this branch of the case the jury are of opinion [from the evidence that the defendants did not use due care and dili-Igence to prevent this breach of their canal; or after the breach, happened, improperly interposed to prevent the escape of the water, and [thereby damage accrued to the plaintiffs, they are answerable for it in this action; but without some ingredient of negligence or improper [conduct, the defendants are not liable for a mere accident in the Breach of their canal.
 

 Yerdict for defendants.